IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 13 C 337 |
| | ) |
| FIDELITY NATIONAL INFORMATION SERVICES, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Unified Messaging Solutions LLC ("Unified Messaging") has just filed this patent infringement action against Fidelity National Information Services, Inc. ("Fidelity") and Metavante Corporation ("M"), and the action has been assigned to this Court's calendar via the usual computerized random assignment system. This memorandum order is triggered by the fact that on its face the Complaint would ordinarily appear to be a poster child for the cottage industry of forum shopping:

1. Unified Messaging is a Texas limited liability company with principal places of business in Texas and California--indeed, its lead counsel as reflected in the Complaint is a Fort Worth, Texas law firm.

2. Fidelity is a Georgia corporation with its principal place of business in Florida--indeed, Complaint ¶2 calls for service of process through a Florida office of its registered agent CT Corporation System.

3. Both of Metavante's corporate situses made relevant for citizenship purposes by 28 U.S.C. §1332(c)(1) are in Wisconsin, for that is its state of incorporation and its principal place of business is in the Milwaukee suburb of Brown Deer.

This Court of course recognizes that Complaint ¶7 invokes the Illinois long arm statute for jurisdictional purposes, on the premise that each defendant engages in part of its asserted infringing activities in this state. This Court recognizes as well that the special venue statute relating to patent cases (28 U.S.C. §1400(b)) creates venue in this judicial district. Hence the combination of those factors would permit the institution of this lawsuit here in statutory terms.

That said, however, this forum would appear to be far down the list of judicial districts in any balancing of the type exemplified by 28 U.S.C. §1404(a). But there may be more here than meets the eye: This Court's minute clerk has learned in response to this Court's inquiry that this action and another United Messaging lawsuit filed earlier in the week and also assigned to this Court's calendar (13 C 269) are only two of a large number of that corporation's lawsuits filed contemporaneously, with each of them charging patent infringement by different defendants.

Even so, some explanation of the choice of this judicial

district as the designated battleground seems to be in order. Accordingly, instead of following its customary practice of setting an initial status hearing date 49 days after a case is newly assigned to its calendar, this Court sets 9:15 a.m. January 25, 2013 for a status hearing at which Unified Messaging's counsel will be expected to provide a better justification for suit in this district than the Complaint alone would suggest.[1]

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   January 18, 2013

---

[1] For that purpose, if Unified Messaging's counsel is aware of the identity of counsel for Fidelity or Metavante or both, Unified Messaging's counsel is ordered to apprise such other counsel of the issuance of this memorandum order and the setting of the status hearing date.